UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES ANTHONY WILLIAMS, | |
| Plaintiff, | CASE NO. C19-345-JCC-MLP |
| v. | |
| STEPHEN SINCLAIR, *et al.*, | REPORT AND RECOMMENDATION |
| Defendants. | |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff James Williams is a Washington State prisoner who is currently confined at the Washington State Penitentiary (WSP) in Walla Walla, Washington. He has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed with this action *in forma pauperis*. The Court, having reviewed Plaintiff's complaint, his application to proceed *in forma pauperis*, and other relevant court records, concludes that Plaintiff's application to proceed *in forma pauperis* should be denied as Plaintiff is barred under 28 U.S.C. § 1915(g) from proceeding with this action without prepayment of the filing fee.

REPORT AND RECOMMENDATION
PAGE - 1

## DISCUSSION

Plaintiff alleges in this action that between January and March of 2018, while he was confined at the Monroe Correctional Complex (MCC), Defendants forced him to submit to a shot of Zyprexa, an anti-psychotic medication which he claims he is extremely allergic to. (Dkt. # 1-1 at 3.) Plaintiff alleges that Defendants administered the shot knowing he was allergic to all anti-psychotic medications, and that they intentionally and/or negligently failed to document this allergy in his medical records. (*Id*. at 15, 17-20, 23-24.) Plaintiff also alleges that the shot of Zyprexa was given to prevent him from filing and/or winning grievances challenging incidents in which he was violently strapped to a restraint bed, and from winning a previous lawsuit concerning the involuntary administration of anti-psychotics. (*See id*. at 15-16, 20, 22.) Finally, plaintiff alleges that Defendants have for years conspired to have him transferred to various facilities throughout the state as a means of getting his lawsuits dismissed for lack of prosecution. (*Id*. at 27-29.)

Plaintiff identifies various Washington Department of Corrections officials and employees as defendants in his complaint. (*Id*. at 1-2, 33.) Plaintiff seeks declaratory and injunctive relief, and damages. (*Id*. at 36.)

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* in a civil action if he or she has, on three or more prior occasions, brought civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. A review of Plaintiff's litigation activities in this District reveals that Plaintiff has accumulated multiple "strikes" under § 1915(g) over the years. Plaintiff has brought at least three

REPORT AND RECOMMENDATION
PAGE - 2

cases that were dismissed for failure to state a claim. *See Williams v. Portine*, Case No. C11-1214-JCC; *Williams v. Neely, et al.*, Case. No. C15-489-BJR; *Williams v. Collins*, *et al.*, C15-735-MJP. In addition, plaintiff has brought at least three cases that were dismissed for failure to obey a court order after plaintiff failed to amend deficient complaints and was warned that the failure to do so could result in dismissal of the complaints under § 1915. *See Williams v. Warner*, C17-5615-BHS; *Williams v. Gage, et al.*, C17-6076-RBL; *Williams v. Cogburn, et al.*, C17-6077-BHS. These dismissals also arguably count as strikes under Ninth Circuit precedent. *See Harris v. Mangum*, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

Because Plaintiff has accumulated at least three strikes, he may not proceed with this action without prepayment of the full filing fee unless he shows that he was "under imminent danger of serious physical injury" at the time his complaint was filed. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). The imminent danger exception requires a prisoner allege a danger which is "ready to take place or "hanging threateningly over one's head." *Id*. at 1056 (internal citations omitted).

Plaintiff makes no showing that he was in imminent danger of serious physical injury at the time he filed this case. The claims asserted in this action relate to a single injection of anti-psychotic medication that Plaintiff alleges was forced upon him almost a year ago while he was confined at MCC. The claims do not pertain in any way to Plaintiff's current conditions of confinement at WSP. Nonetheless, Plaintiff asserts that because he is allergic to, and suffers life-threatening side-effects from, all anti-psychotics, and because Defendants have failed to document this allergy in Plaintiff's medical and mental health records, he is in imminent danger.

REPORT AND RECOMMENDATION
PAGE - 3

(Dkt. # 1-1 at 8-9.)

Plaintiff's assertion that he is allergic to the drug at issue in this case, Zyprexa, is wholly conclusory. Plaintiff apparently draws his conclusion that he is allergic to Zyprexa solely from the fact that he has been found to be allergic to three other anti-psychotic drugs during his time in Washington Department of Corrections custody; *i.e.*, Prolixin, Haldol and Risperidone. (*See* Dkt. # 1-1 at 5.) Moreover, though Plaintiff claims he suffered severe side-effects from the shot of Zyprexa in 2018, he does not describe those side-effects nor does he claim that he currently suffers from any such side-effects. Plaintiff simply details the possible effects of long-term use of anti-psychotic drugs generally. Finally, plaintiff does not appear to assert in his complaint that he continues to be injected with Zyprexa now that he is housed at a different facility, though he suggests this could happen again should he at some point be returned to MCC. (*Id*. at 8-9.) In this Court's view, Plaintiff's claims of imminent danger are speculative at best and therefore insufficient to satisfy the imminent danger exception to the § 1915(g) bar.

As Plaintiff has not made a credible showing that he satisfies the imminent danger exception to the § 1915(g) bar, this Court concludes that Plaintiff is ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

## CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's application to proceed *in forma pauperis* be denied. This Court further recommends that Plaintiff be directed to pay the filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted, and that this action be terminated if plaintiff fails to do so. A proposed order

accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

DATED this 5th day of April, 2019.

_____
MICHELLE L. PETERSON
United States Magistrate Judge